**So Ordered.**



Frank L. Kurtz
Bankruptcy Judge

**Dated: September 14th, 2012**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

In re:

MASQUERADE WINE COMPANY, LLC,

    Debtor.

Case No. 11-03909-FLK11

FINDINGS OF FACT AND
CONCLUSIONS OF LAW

    This matter having come before the above-entitled Court for confirmation of the Debtor's Plan of Reorganization and final approval of the Debtor's Disclosure Statement, which hearing was held on the 14th day of September 2012, and the Court having read the declarations of William Kimmerly, owner of the Debtor, and having reviewed the Debtor's Plan and Disclosure Statement and having heard the arguments of counsel, makes the following:

FINDINGS OF FACT

    1. The Debtor filed the above-captioned Chapter 11 proceeding on August 8, 2011.

FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 1

HAMES, ANDERSON, WHITLOW & O'LEARY, PS
P.O. BOX 5498
Kennewick, WA 99336-0498
(509) 586-7797/ (509) 586-3674 fax

11-03909-FLK11   Doc 163   Filed 09/14/12   Entered 09/14/12 15:05:03   Pg 1 of 6

2. The Court entered its Order Granting Application to Approve Employment of Hames, Anderson, Whitlow & O'Leary, P.S. as attorneys for the Debtor on September 1, 2012.

3. The Debtor filed its Motion for Order Conditionally Approving Disclosure Statement on July 6, 2012.

4. The above-entitled Court conducted a hearing on the Motion to Conditionally Approve Disclosure Statement on July 17, 2012. The Order Granting the Motion to Conditionally Approve the Disclosure Statement and Setting Schedule was entered on July 17, 2012.

5. The Conditionally Approved Disclosure Statement and Plan of Reorganization were filed July 24, 2012, Docket numbers 125 and 126. Pursuant to the Order Granting the Motion to Conditionally Approve the Disclosure Statement and Setting Schedule, the Debtor transmitted the Conditionally Approved Disclosure Statement, Plan of Reorganization, List Classifying Claims and Interests and Ballot of Accepting or Rejecting the Plan of Reorganization to all parties on the master mailing list on July 24, 2012.

6. On August 22, 2012, Creditor Gamache Vintners LLC ("Gamache") filed an Objection to the Debtor's Plan of Reorganization. On August 31, 2012, Gamache filed a Motion for Allowance of Administrative Expenses.

7. On August 29, 2012, the Court conducted a status conference on Confirmation, and scheduled the final hearing for resolution of Gamache's Objection to Debtor's Plan of Reorganization, Motion for Allowance of Administrative Expenses, Confirmation of Debtor's Plan of Reorganization and final approval of the Debtor's Disclosure Statement, in open court, on September 7, 2012. At the hearing the Court continued the confirmation hearing to September 14, 2012, and requested the Debtor bring its Monthly Operating Reports up to date, and demonstrate the ability, and a proposal for payment of administrative claims. The court also entered an Order awarding Gamache an administrative claim totaling $10,857.00.

FINDINGS OF FACT AND　　　　　　　　　　　　HAMES, ANDERSON, WHITLOW & O'LEARY, PS
CONCLUSIONS OF LAW - 2　　　　　　　　　　　　　　　　　P.O. BOX 5498
　　　　　　　　　　　　　　　　　　　　　　　　Kennewick, WA  99336-0498
　　　　　　　　　　　　　　　　　　　　　　　(509) 586-7797/ (509) 586-3674 fax

11-03909-FLK11    Doc 163    Filed 09/14/12    Entered 09/14/12 15:05:03    Pg 2 of 6

8. Prior to the hearing on September 14, 2012, the Debtor filed its June and July Monthly Operating Reports.

9. At confirmation, the Debtor, through testimony provided by its managing member, William Kimmerly, demonstrated to the Court's satisfaction the Debtor's ability to fund the Plan and pay its administrative claims.

10. The Plan has been proposed in good faith and not by means forbidden by law.

11. Payments to be made by the Debtor to its attorneys for services, costs and expenses in connection with the case have been approved or will be submitted for approval by the Court after notice and hearing.

12. After confirmation of the Plan, the Debtor will continue operating its business under the management of William and Jennifer Kimmerly, whose identity and compensation have been disclosed by Notice thereof filed August 18, 2011, Docket number 15. The continuance in office of such individuals is consistent with the interests of creditors, equity security holders and public policy.

13. The Plan proposes three classes of Creditors:

   a. Class I consists of the impaired claim of Red Mountain Properties, LLC, d/b/a Monte Scarlatto Vineyard and Joel Mackay ("Red Mountain"). Treatment of Red Mountains claim will be dictated by the settlement agreement between it and the Debtor upon final court approval. Red Mountain's claim will be paid in full under the terms of that Settlement Agreement.

   b. Class II consists of the impaired claims of the General Unsecured Creditors of the Debtor, which will be paid in full under the Plan. Class II includes creditor Telquist Ziobro & McMillen, PLLC, which has a claim constituting 81.27% of the class. Telquist Ziobro & McMillen, PLLC filed a ballot accepting the Debtor's Plan on August 21, 2012. The Debtor proposes to modify paragraph 4.02 of its Plan, to read as follows:

FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 3

HAMES, ANDERSON, WHITLOW & O'LEARY, PS
P.O. BOX 5498
Kennewick, WA 99336-0498
(509) 586-7797/ (509) 586-3674 fax

11-03909-FLK11    Doc 163    Filed 09/14/12    Entered 09/14/12 15:05:03    Pg 3 of 6

The general unsecured creditors will be paid in full. With the exception of the unsecured claim owed to William Kimmerly in the amount of $275,000, the general unsecured creditors shall receive monthly pro-rata distributions from the available revenue of the Debtor during the term of the Plan after the case is closed and after payments of the fee owed to the U.S. Trustee under 28 U.S.C. § 1930. After the allowed claims of general unsecured creditors other than William Kimmerly are paid in full, the Debtor will commence payment to Mr. Kimmerly.

c. Class III consists of the unimpaired Equity Interests of William and Jennifer Kimmerly. The Plan states they shall retain their interest through the effective date of the Plan.

14. The Plan provides for treatment of administrative claimants in paragraph 3.02. The Debtor proposes to modify paragraph 3.02 of the Plan to read as follows:

The allowed administrative expense claim of Hames, Anderson, Whitlow & O'Leary, P.S., shall be paid under such terms agreed to by the Debtor and its legal counsel. The allowed administrative expense claim of Gamache Vintners in the amount of $10,857.00 will be paid in four equal quarterly payments of $2,714.25. The first payment will be made upon confirmation. The second payment will be made on or before December 31, 2012. The third payment will be made on or before March 31, 2012. The fourth and final payment will be made on or before June 30, 2012. Gamache will release the wine and any of the Debtor's equipment in its possession upon confirmation. The Debtor grants Gamache a first position security interest in the Debtor's equipment described as follows: 1994 Hyster SS Forklift, 2200 liter stainless steel fermenters (2), Destemmer-crusher, Glycol chiller unit, Wine pump, Analytical wine tasting equipment, Barrels and Barrel rack, Polyethylene cage tanks, Stainless steel kegs, Pallet Jack, Commercial Dishwasher, Three compartment stainless steel sink, and Refrigerator.

15. Confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization of the Debtor.

16. The Plan provides for payment of all allowed administrative claims upon the Plan's effective date, or under such terms of payment agreed to by such administrative claimant.

17. The Plan provides for the payment of all US Trustee's fees, when due, through the closing of the case.

FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 4

HAMES, ANDERSON, WHITLOW & O'LEARY, PS
P.O. BOX 5498
Kennewick, WA 99336-0498
(509) 586-7797/ (509) 586-3674 fax

11-03909-FLK11    Doc 163    Filed 09/14/12    Entered 09/14/12 15:05:03    Pg 4 of 6

18. The Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under the Plan.

19. No objections were filed to the Debtor's Conditionally Approved Disclosure Statement.

20. The Debtor's Conditionally Approved Disclosure Statement contains adequate information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the Debtor and the condition of the Debtor's books and records, that would enable a hypothetical investor typical of the holders of claims in the case to make an informed judgment about the Plan.

The Court having made and entered its foregoing FINDINGS OF FACT, now makes the following:

## CONCLUSIONS OF LAW

1. The Plan complies with the applicable provisions of Title 11 U.S.C.

2. The proponent of the Plan has complied with the applicable provisions of Title 11 U.S.C.

3. The Plan was proposed in good faith, does not discriminate unfairly and is fair and equitable with respect to each class of claims.

4. Paragraph 4.02 of the Plan should be modified to read as follows:

> The general unsecured creditors will be paid in full. With the exception of the unsecured claim owed to William Kimmerly in the amount of $275,000, the general unsecured creditors shall receive monthly pro-rata distributions from the available revenue of the Debtor during the term of the Plan after the case is closed and after payments of the fee owed to the U.S. Trustee under 28 U.S.C. § 1930. The Debtor will commence payments to Mr. Kimmerly after the allowed claims of the other general unsecured creditors are paid in full.

5. Paragraph 3.02 of the Plan should be modified to read as follows:

FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 5

HAMES, ANDERSON, WHITLOW & O'LEARY, PS
P.O. BOX 5498
Kennewick, WA 99336-0498
(509) 586-7797/ (509) 586-3674 fax

11-03909-FLK11    Doc 163    Filed 09/14/12    Entered 09/14/12 15:05:03    Pg 5 of 6

The allowed administrative expense claim of Hames, Anderson, Whitlow & O'Leary, P.S., shall be paid under such terms agreed to by the Debtor and its legal counsel. The allowed administrative expense claim of Gamache Vintners in the amount of $10,857.00 will be paid in four equal quarterly payments of $2,714.25. The first payment will be made upon confirmation. The second payment will be made on or before December 31, 2012. The third payment will be made on or before March 31, 2012. The fourth and final payment will be made on or before June 30, 2012. Gamache will release the wine and any of the Debtor's equipment in its possession upon confirmation. The Debtor grants Gamache a first position security interest in the Debtor's equipment described as follows: 1994 Hyster SS Forklift, 2200 liter stainless steel fermenters (2), Destemmer-crusher, Glycol chiller unit, Wine pump, Analytical wine tasting equipment, Barrels and Barrel rack, Polyethylene cage tanks, Stainless steel kegs, Pallet Jack, Commercial Dishwasher, Three compartment stainless steel sink, and Refrigerator.

6. The Debtor's Plan should be confirmed.

7. The Conditionally Approved Disclosure Statement complies with applicable provisions of Title 11 U.S.C. and contains adequate information.

8. The Debtor's Conditionally Approved Disclosure Statement should receive final Court approval.

/// END OF FINDINGS OF FACT AND CONCLUSIONS OF LAW ///

Presented by:
HAMES, ANDERSON, WHITLOW & O'LEARY
Attorneys for Debtor-in-Possession

BY: __/s/ John W. O'Leary_____
    John W. O'Leary, WSBA #33004

FINDINGS OF FACT AND
CONCLUSIONS OF LAW - 6

HAMES, ANDERSON, WHITLOW & O'LEARY, PS
P.O. BOX 5498
Kennewick, WA 99336-0498
(509) 586-7797/ (509) 586-3674 fax

11-03909-FLK11    Doc 163    Filed 09/14/12    Entered 09/14/12 15:05:03    Pg 6 of 6